

**FILED & ENTERED**

**MAR 19 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** cargill    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Nabeel Slaieh,<br><br>Debtor.<br>_____<br><br>W E Jon Albrecht,<br><br>Plaintiff,<br>vs.<br><br>Nabeel Slaieh,<br><br>Defendant. | Case No.:  6:13-bk-20133-MH<br><br>Adversary No.: 6:14-ap-01081-MH<br><br>Chapter 7<br><br>**MEMORANDUM DECISION DENYING MOTION FOR SUMMARY ADJUDICATION**<br><br>Date: October 17, 2018<br>Time: 2:00 p.m.<br>Courtroom: 303 |

### I.    BACKGROUND

On January 25, 2011, W. E. Jon Albrecht ("Albrecht") initiated a malicious prosecution lawsuit (the "State Court Action") by filing a complaint, as has been amended (the "State Court Complaint"), against Nabeel Slaieh ("Slaieh") in Riverside Superior Court (the "State Court"). The State Court Complaint alleged that Albrecht represented Slaieh's wife, Deborah Slaieh, in a marital action which was eventually dismissed by Slaieh and his wife in early 2007 (the "Marital Action"). Following the dismissal of the marital action, Slaieh filed a complaint against Albrecht (the "Malpractice Suit") in Riverside Superior Court alleging professional malpractice and negligence, among other causes of

action. In 2010, Albrecht succeeded in having a summary judgment motion granted which disposed of the Malpractice Suit in Albrecht's favor.

In his State Court Complaint, Albrecht asserted that the allegations underlying the Malpractice Suit were false and that Slaieh and his counsel, Brian Ostler, did not permit Deborah Slaieh to review the allegations in the Malpractice Suit before having her sign her name. The State Court Complaint further alleged that Ostler and Slaieh told Deborah Slaieh that they were "going to get Jon Albrecht". On May 23, 2011, Albrecht requested entry of default for failing to respond to the complaint. On July 15, 2013, the State Court entered a judgment (the "State Court Judgment") after conducting a prove-up hearing on Albrecht's motion for default judgment. The State Court Judgment awarded Albrecht $11,200,732.09.

On December 18, 2013, Slaieh filed his petition for chapter 7 relief. On March 24, 2014, Albrecht commenced this adversary proceeding by filing a complaint against Slaieh seeking an exception to discharge under § 523(a)(6) for the debt evidenced by the State Court Judgment (the "Adversary Complaint"). Slaieh filed an answer on November 7, 2014, generally denying the Adversary Complaint's allegations and stating five affirmative defenses: that the statute of limitations under Cal. Code of Civil Procedure § 3439.09 bars the claim; that the doctrine of laches and doctrine equitable time limitations bar the claim; that a vacated dismissal order of the Court barred continued prosecution of the Adversary Complaint; and that the dismissal of the Adversary Complaint on September 22, 2014, precludes litigation of the Adversary Complaint.[1]

Albrecht filed a motion for summary judgment in this adversary proceeding on June 13, 2018 ("Motion"), arguing that there were no disputed material facts and that the State Court Judgment was preclusive as to all of the elements required for an exception to discharge under § 523(a)(6).

Responding to the Motion on July 3, 2018, Slaieh asserted that the State Court Judgment could not have preclusive effect because he was not properly served with the State Court Complaint and because the alleged improper service denied Slaieh due process. Additionally, Slaieh's response asserted that the defects in service of the State Court Complaint created triable issues of fact concerning Slaieh's

---

[1] The Adversary Proceeding had previously been dismissed for Albrecht's numerous failures to appear and or to file required documents. Subsequently, however, the Court reinstated the case and vacated the dismissal.

subjective intent. At the July 25, 2018, hearing on the Motion, the Court directed the parties to address the Ninth Circuit BAP's *In re Plyam*, 530 B.R. 456 (9th Cir. BAP 2015) decision in supplemental briefing prior to rendering a decision.

## II.    JURISDICTION

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. 157(b)(2)(I) and § 1334. Venue is proper in this judicial district.

## III.    STANDARDS FOR SUMMARY JUDGMENT & COLLATERAL ESTOPPEL

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 324. The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valadingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Insurance Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

Issue preclusion may provide a proper basis for granting summary judgment. *San Remo Hotel, L.P. v. San Francisco City and Cnty.*, 364 F.3d 1088, 1094 (9th Cir.2004). To meet its burden on a motion for summary judgment based on issue preclusion, the proponent must have pinpointed the exact issues litigated in the prior action and introduced a record establishing the controlling facts. *Honkanen v.*

*Hopper* (*In re Honkanen*), 446 B.R. 373, 382 (9th Cir. BAP2011); Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995).

Issue preclusion may apply in bankruptcy discharge proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 (1991). The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the Full Faith and Credit Act, 28 U.S.C. § 1738, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). When state preclusion law controls, the decision to apply the doctrine is made in accordance with state law. *Khaligh v. Hadegh* (*In re Khaligh*), 338 B.R. 817, 823 (9th Cir. BAP2006), aff'd, 506 F.3d 956 (9th Cir.2007).

Under California law, the party asserting issue preclusion has the burden of establishing the following threshold requirements:

(1) The issue sought to be precluded from relitigation must be the ***identical issue*** to that decided in a former proceeding;
(2) This issue must have been ***actually litigated*** in the former proceeding;
(3) It must have been ***necessarily decided*** in the former proceeding;
(4) The decision in the former proceeding must be ***final and on the merits***; and
(5) The party against whom preclusion is sought must be the ***same party*** as, or in privity with, the party to the former proceeding.

*Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240, 1245 (9th Cir.2001) (citing *Lucindo v. Super. Ct.*, 795 P.2d 1223, 1225 (Cal.1990)) (emphasis added). These are known as the "*Harmon*" factors. But even if these five requirements are met, application of issue preclusion under California law requires a "mandatory 'additional' inquiry into whether imposition of issue preclusion would be fair and consistent with sound public policy." *Khaligh*, 338 B.R. at 824–25. "The purposes of the doctrine are to promote judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system and to protect against vexatious litigation." *Younan v. Caruso*, 51 Cal.App. 4th 401, 407 (1996).

## IV.  DISCUSSION

Section 523(a)(6) provides that: "(a) A discharge under 727 ... of this title does not discharge an individual debtor from any debt - ... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." Whether a particular debt is for willful and malicious injury by the debtor to another or the property of another under § 523(a)(6) requires application of a two-pronged test to the conduct giving rise to the injury. In other words, the creditor must prove that the debtor's conduct in causing the injuries was both willful and malicious. *Barboza v. New Form, Inc.* (In re Barboza), 545 F.3d 702,711 (9th Cir. 2008) (citing *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1146–47 (9th Cir. 2002) and requiring the application of a separate analysis of each prong of "willful" and "malicious").

### 1. PRECLUSIVE EFFECT OF DEFAULT JUDGMENTS IN CALIFORNIA

In *In re Harmon*, the Ninth Circuit discussed the narrow permissible application of collateral estoppel to judgments obtained by default under California law. *Harmon*, 250 F.3d at 1246. Specifically, the Ninth Circuit, citing the California Supreme Court in *Williams v. Williams* (*In re Williams' Estate*), 36 Cal.2d 289, 223 P.2d 248 (1950), held that under California law, a default judgment is an estoppel as to all issues necessarily litigated therein and determined thereby exactly like any other judgment. *Harmon* at 1246. This generally includes all material facts averred in the complaint. *Horton v. Horton*, 18 Cal. 2d 579, 585, 116 P.2d 605, 608 (1941). However, the *Williams' Estate* court limited the principle that a defaulting defendant "'is presumed to admit all the facts which are well pleaded in the complaint'" by allowing an issue to have preclusive effect "only where the record shows an express finding upon the allegation" for which preclusion is sought. *Harmon* at 1246 (internal citations omitted). Subsequent to the *Harmon* decision, the Ninth Circuit decided *In re Cantrell*, 329 F.3d 1119, 1124 (9th Cir. 2003) (citing *Harmon* at 1248), which clarified the *Harmon* decision by holding that, "the express finding requirement (under California law regarding application of collateral estoppel) can be waived if the court in the prior proceeding ***necessarily decided*** the issue." *Cantrell* at 1124 (emphasis added). Thus, an express finding is not required where the court's determination of the issue that is subject to collateral estoppel in the subsequent action was necessary to entry of the final judgment in the prior action. *See id*. In such a situation, if an issue was necessarily decided in a prior proceeding, it was (also) actually litigated." *Cantrell*, 329 F.3d at 1124.

## 2. WILLFUL INJURY

To show that a debtor's conduct is willful requires proof that the debtor deliberately or intentionally injured the creditor, and that in doing so, the debtor intended the consequences of his act, not just the act itself. *Kawaauhau v. Geiger*, 523 U.S. 57, 60–61 (1998); *Carrillo v. Su (In re Su),* 290 F.3d 1140, 1143 (9th Cir. 2002). The debtor must act with a subjective motive to inflict injury, or with a belief that injury is substantially certain to result from the conduct. *In re Su*, 290 F.3d at 1143. "Debts arising from **recklessly** or **negligently** inflicted injuries do not fall within the compass of § 523(a)(6)." *Plyam* at 463 (quoting *Kawaauhau v. Geiger*) (emphasis added).

As to willfulness, Albrecht asserts that the State Court Judgment is sufficient to preclude litigation on the issue of whether Slaieh intentionally caused him injury in filing the Malpractice Suit. In California, the common law tort of malicious prosecution provides a remedy for individuals subjected to maliciously instituted criminal and civil proceedings. *In re Arden*, 2015 WL 4068962, at *9 (9th Cir. BAP 2015) (citing *Sheldon Appel Co. v. Albert Oliker*, 47 Cal.3d 863, 871–72 (1989)). To establish a cause of action for malicious prosecution of a civil proceeding, the plaintiff must show "that the prior action (1) was commenced [or continued] by or at the direction of the defendant and was pursued to a legal termination in his [or her], plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated [or continued] with malice." *Id.*, quoting *Bertero v. Nat'l Gen. Corp.*, 13 Cal.3d 43, 50 (1974) (internal quotation marks omitted).

In *Arden*, the BAP specifically considered whether the tort of malicious prosecution satisfies both the willful and malicious prongs of § 523(a)(6):

> The 'malice' element of the malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action." However, the malice required in malicious prosecution "is not limited to actual hostility or ill will toward [the] plaintiff but exists when the proceedings are instituted primarily for an improper purpose."

The California Supreme Court has explained:

> [T]he principal situations in which the civil proceedings are initiated for an improper purpose are those in which (1) the person instituting them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are instituted of a beneficial use of his property; [or] (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim.

> Accordingly, in a malicious prosecution action, the proof may or may not establish a willful intent to injure on the part of the defendant.

*Arden* at *9-10 (internal citations omitted).

In considering whether the State Court necessarily decided the issue of intent to injure, the Ninth Circuit BAP has indicated that it may be possible to infer an actor's intent to injure from a finding that the actor committed malice in fact when supported by other facts in the record. *In re Sangha,* 2015 WL 3655113 (B.A.P. 9th Cir. June 11, 2015), aff'd and remanded, 678 F. App'x 561 (9th Cir. 2017). In the instant case, the record provided by Albrecht is limited to pleadings filed in the State Court Action, including the prove-up documents, and the State Court Judgment. However, none of these documents conclusively establishes that the issue of Slaieh's subjective intent was actually litigated in the State Court. As set forth in *Arden*, although malice in a general sense is an element of a malicious prosecution cause of action under California law, specific intent to injure is not. The State Court could have based its final judgment on a finding that Slaieh commenced the Malpractice Suit for an improper purpose without having had the specific intent to injure Albrecht. Thus, because the State Court was not required to specifically consider the degree of Slaieh's subjective intent, this Court cannot now apply collateral estoppel to the issue of willfulness because that issue was not actually litigated in the State Court Action and was not necessary to the State Court Judgment.

As an alternative to the 'malice' element of malicious prosecution for purposes of applying collateral estoppel with respect to 'willfullness', the State Court may also have considered the issue of subjective intent when it decided to award Albrecht punitive damages. In *In re Pylam*, the Ninth Circuit BAP discussed the application of California's punitive damages statute, Cal. Civil Code § 3294 ("Section 3294"), to the § 523(a)(6) willfulness requirement. 530 B.R. 456, 465. Section 3294 provides statutory definitions for the following basis for a finding of punitive damages:

1. "Fraud" refers to an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

2. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
3. "Despicable Malice" is defined as despicable conduct done willfully and in conscious disregard of the rights or safety of another.
4. "Intentional Malice" is conduct that the defendant intends to cause injury to the plaintiff.

*Id*.

Of the four bases for an award of punitive damages (intentional malice, despicable malice, oppression, and fraud), only two – fraud and intentional malice – require an intent to cause injury. *Id*. As a result, only those findings satisfy the § 523(a)(6) willfulness requirement for the purposes of issue preclusion. Conversely, despicable malice and oppression, which arise from acts in conscious disregard of another's rights or safety, fail to satisfy the requisite state of mind for § 523(a)(6) willfulness. *Plyam*, at 465. As defined by the California Supreme Court, a person acts with a conscious disregard of another's rights or safety when he is aware of the probable dangerous consequences of his conduct and he willfully and deliberately fails to avoid those consequences. *Id*. (citing *Taylor v. Super. Ct.*, 24 Cal.3d 890, 895–96 (1979)). The key distinction, thus, between "conscious disregard" and "intent" is whether the actor intends the injury itself, not just the act that leads to the injury. As stated by the *Plyam* Court,

> The critical difference between intentional and reckless misconduct is the necessary state of mind; for conduct to be reckless, the person must intend the reckless act but need not intend to cause the resulting harm. To establish recklessness, it is sufficient that the person realizes (or should realize) the "strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless." But, a strong probability is not equivalent to substantial certainty. ("[A] strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results.") …Thus, "[a]s the probability that [injurious] consequences will follow decreases, and becomes less than substantial certainty, the [person's] conduct loses the character of intent, and becomes mere recklessness."

*Plyam* at 467 (internal citations omitted).[2] Here, the Court has reviewed the record of the State Court proceedings as provided by Albrecht and finds no conclusive support in the record for a finding that the State Court necessarily awarded punitive damages to Albrecht on the basis that Slaieh acted with the

---

[2] The BAP analyzed the definitions of reckless misconduct and conscious disregard under California law and found them to be substantively similar. *Plyam* at 469.

subjective intent to injure him. While this Court can interpret the circumstantial facts surrounding the Malpractice Suit brought by Slaieh as it having been filed with the subjective intent to injure Albrecht by causing damage to his professional reputation or financial harm, due to the attorney's fees required to defend the action, the record before the State Court leaves open an interpretation that Slaieh may have merely intended to harass or annoy Albrecht. The primary evidence in the prove-up supporting a finding of subjective intent was statements by Deborah Slaieh indicating that Slaieh stated he wanted to "get" Albrecht and, separately, that Ostler and Slaieh did not provide her an opportunity to review the pleadings presented to her by Slaieh and Ostler in which she would purportedly be accusing Albrecht of mishandling the Marital Action. While the prove-up documents, arguably, support Albrecht's assertion that Slaieh intended to injure him, this Court cannot glean from the record whether the State Court ever considered the degree of Slaieh's subjective intent – *i.e.*, whether his filing of the Malpractice Suit was either reckless or intentional. Moreover, Albrecht's moving papers did not point to any statements by the State Court Judge at the prove-up hearing to indicate that the State Court was weighed Slaieh's subjective intent. In sum, where the record of the State Court Action was silent regarding the basis for the punitive damages award and where several different bases for punitive damages were possible, it is not appropriate for the Court to assume that the State Court necessarily awarded punitive damages to Albrecht on a finding that Slaieh possessed the most culpable state of mind possible. The State Court Judgment is therefore insufficient to permit application of collateral estoppel as to the willfulness prong of § 523(a)(6).

### 3. MALICIOUS INJURY

For conduct to be malicious, the creditor must prove that the debtor: (1) committed a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause or excuse. *In re Su*, 290 F.3d at 1143.

To establish a cause of action for malicious prosecution of a civil proceeding, the plaintiff must show "that the prior action (1) was commenced [or continued] by or at the direction of the defendant and was pursued to a legal termination in his [or her], plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated [or continued] with malice." *In re Arden,* 2015 WL 4068962, at *9. Here, by the State Court Judgment, the State Court necessarily found that Slaieh commenced the Marital Action

without probable cause and that the suit was initiated with malice (which constitutes a wrongful act), which wrongful act was intentional. Finally, the filing of a legal action without probable cause necessarily causes the defendant to expend, at a minimum, time and potentially also substantial sums of money to defend the action. Thus, damage was necessarily caused by Slaieh's wrongful filing of the Malpractice Action. The above analysis indicates that as to the first three elements of the 'maliciousness' prong, Albrecht prevails. However, a review of applicable state and federal caselaw indicates that the State Court Judgment is insufficient on its own to satisfy the fourth element of the "maliciousness" inquiry – *i.e.*, whether the wrongful act was undertaken without just cause or excuse.

Courts to consider the issue have determined that just cause or excuse is in the nature of an affirmative defense, *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1208 (9th Cir. 2001); *In re Hagele*, 2016 WL 3965899, at *6 (B.A.P. 9th Cir. July 18, 2016), and under California law, a default judgment is conclusive as to the matters necessary to uphold the particular judgment, but it is not conclusive in a subsequent action as to matters not raised in the pleadings or as to defenses that could have been but were not raised. *California Affirmative Defenses*, § 14:9 Decision on Merits - Default Judgments (2d ed.). As such, the State Court Judgment is by itself insufficient to satisfy the 'without just cause or excuse' element of maliciousness thereby preventing this Court from applying collateral estoppel as to the maliciousness prong of § 523(a)(6).

## V. CONCLUSION

Based upon the foregoing, Albrecht is not entitled to summary judgment on either prong of § 523(a)(6). The Court shall reset the status conference and the parties are required to file a joint status report in advance of said status conference to provide the Court with information regarding the need for additional discovery and proposed timelines to move the case forward to a trial.

###

Date: March 19, 2019

Mark Houle
United States Bankruptcy Judge

- 10 -